UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                              Case No. 19-12964
    DESMOND ELLIS                             Chapter 7


                        Debtor.
----------------------------------------------------------------X

## NOTICE OF MOTION FOR AN ORDER PURSUANT TO
## 11 U.S.C. § 362(d) GRANTING RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that a hearing will be held to consider the motion filed by U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, by Caliber Home Loans, Inc., servicing agent/attorney in fact ("**Movant**"), by its attorney Kevin T. MacTiernan, for an order pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure ("**FRBP**") (i) granting relief from the automatic stay, imposed by 11 U.S.C. § 362(a), pursuant to FRBP 4001, 11 U.S.C. §§ 105(a), and 362(d)(2) permitting Movant leave to take any and all action under applicable state law to exercise its remedies against the property located at 731 North Oak Drive, Bronx, NY 10467 (the "**Property**"); (ii) granting $350.00 in reasonable attorney's fees and $181.00 for the filing fee necessary to bring the Motion; and (iii) for such other further and different relief as may seem just, proper and equitable. The hearing will be held before this Court as set forth below:

| | |
|---|---|
| U.S. Bankruptcy Judge: | Honorable Mary Kay Vyskocil |
| U.S. Courthouse: | U.S. Bankruptcy Court<br>One Bowling Green<br>New York, NY 10004-1408 |
| Return Date and Time: | October 29, 2019 at 10:00 am |

Dated: October 1, 2019        Cohn & Roth, LLC
       Mineola, New York

                                    By:   /s/ Kevin T. MacTiernan
                                           Kevin T. MacTiernan
                             Attorneys for Movant
                             100 E. Old Country Road
                             Mineola, New York 11501
                             (516) 747-3030

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                    Case No. 19-12964
    DESMOND ELLIS                      Chapter 7

                                Debtor.
------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Kevin T. MacTiernan, an attorney admitted to practice before the Southern District of New York Bankruptcy Court (the "**Court**"), hereby affirms under penalty of perjury that:

1. I am an associate with the firm of Cohn & Roth, LLC, the attorneys for U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, by Caliber Home Loans, Inc., servicing agent/attorney in fact ("**Movant**"). I am familiar with the facts set forth herein based upon information and documentation supplied to me by Movant. I make this affirmation in support of the motion of Movant (the "**Motion**") for an Order: (i) modifying and terminating the automatic stay (the "**Automatic Stay**"), in place pursuant to § 362(a) of the Title 11 of the United States Code (the "**Bankruptcy Code**"), to permit Movant to exercise all of its rights and remedies with respect to certain collateral known as 731 North Oak Drive, Bronx, NY 10467 (the "**Property**") by virtue of Rules 4001 and 9014 of the Federal Rule of Bankruptcy Procedure ("**FRBP**") and § 362(d)(2) of the Bankruptcy Code; (ii) granting $350.00 in reasonable attorney's fees and $181.00 for the filing fee necessary to bring the Motion; and (iii) granting Movant such other further and different relief as may seem just, proper and equitable.

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Desmond Ellis (the "**Debtor**"), for the purpose of securing to Wilmington Finance, a division of AIG Federal Savings Bank (hereinafter, the "**Original Mortgagee**") payment of the principal sum of $360,000.00, with interest thereon, on or about July 11, 2005, for a valuable consideration, executed and delivered to the Original Mortgagee a note dated on that day (hereinafter "**Note**"), whereby the Debtor undertook and promised to pay to the Original Mortgagee the principal sum and interest thereon at the rate provided for therein. The Note is annexed hereto as Exhibit "A".

4. As collateral security for the payment of indebtedness, the Debtor executed and delivered to the Original Mortgagee a mortgage (hereinafter "**Mortgage**") dated July 11, 2005 and recorded with the City Register of the City of New York on July 25, 2005 in CRFN 2005000413898. The Mortgage is annexed hereto as Exhibit "B".

5. The Note and Mortgage were subsequently transferred to Movant who thereafter obtained a Judgment of Foreclosure and Sale in state court. *See:* Exhibit "C". Pursuant to the *Rooker-Feldman* doctrine, the Judgment and Foreclosure and Sale entered by the state court establishes Movant's standing to enforce the subject Note and Mortgage and cannot be challenged in this Court. *See:* Rooker v.Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 263 U.S. 413 (1923), Feinstein v. The Chase Manhattan Bank, 2006 WL 898076 at 2 (EDNY 2006); In re Castaldo, Jr., 2006 WL 3531459 at 5 (SDNY 2006).

6. Movant is the present owner and holder of the Note and Mortgage on the Property.

7. The Mortgage constitutes a lien upon the Property. The Property is the principal residence of the Debtor.

8. Movant, as holder of the Note and Mortgage, desires to commence or continue its action to foreclose upon the Mortgage.

9. On September 13, 2019, the Debtor filed a voluntary petition for relief (the "**Petition**") with the Court pursuant to Chapter 7 of the Bankruptcy Code. By reason of the Debtor having filed the Petition, Movant, the holder of the Note and Mortgage, is presently stayed from proceeding with any action under applicable state law to exercise its remedies against the Property.

10. Annexed hereto as Exhibit "D" is the Relief from Stay — Real Estate and Cooperative Apartments (the "**Bankruptcy Worksheet**"), as required by General Order 347 of this Court.

11. Movant should be granted relief from the Automatic Stay because the Debtor has no equity in the Property and the Property is not necessary to an effective reorganization, 11 U.S.C. §362(d)(2).

## LACK OF EQUITY FOR THE ESTATE

12. Pursuant to § 362(d)(2) of the Bankruptcy Code, on request of a party-in-interest and after notice and hearing, the court shall grant relief from the Automatic Stay if "(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization." *See* 11 U.S.C. § 362(d)(2)(A)-(B).

13. As of September 19, 2019, the Debtor's outstanding balance on the debt owed to Movant is $643,304.08. *See* Exhibit "D".

14. Annexed hereto as Exhibit "E" is a copy of a market analysis demonstrating that the Property's market value is $570,700.00. Given this value, the Debtor has no equity in the Property.

15. Movant submits that the Property is not necessary for an effective reorganization as the instant case is a Chapter 7 liquidation.

16. Thus, the Court should grant relief from the Automatic Stay because the Debtor has no equity in the Property and the Property is not necessary for an effective reorganization.

## CONCLUSION

17. As a result of the Debtor's default, Movant has been required to protect its security interest by the filing of this Motion and is therefore entitled to the attorneys fees and costs of this Motion. Moreover, the mortgage held by Movant provides that the Debtor shall pay to it, all sums expended by it due to the default, including reasonable attorney's fees. Movant has expended the following sums in relation to the Motion: $350.00 in reasonable attorneys fees and a $181.00 filing fee.

18. It is evident from all of the above that the Movant is entitled to relief from the Automatic Stay. Accordingly, Movant requests that the Proposed Order, annexed hereto as Exhibit "F", be signed as submitted and entered on the docket. The Proposed Order was served on all interested parties.

**WHEREFORE**, it is respectfully requested that an Order be issued vacating the Automatic Stay by virtue of 11 U.S.C. § 362(d)(2) as to Movant; granting Movant, its agents, assigns or successors in interest leave to take any and all action under applicable state law to exercise its remedies against the Property; granting attorney fees and costs; and for such other further and different relief as may seem just, proper and equitable.

Dated: October 1, 2019
      Mineola, New York

Cohn & Roth, LLC

By:   /s/ Kevin T. MacTiernan
      Kevin T. MacTiernan
Attorneys for Movant
100 E. Old Country Road
Mineola, New York 11501
(516) 747-3030